UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIMOTHY J. TANNER,

                Plaintiff,

v.                                                    6:16-CV-1131
                                                   (GTS/TWD)
DAVID J. HUMPHRIES, in his individual and
official capacities; and VILLAGE OF CAMDEN,

                Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

LAW OFFICE OF ZACHARY C. OREN         ZACHARY C. OREN, ESQ.
  Counsel for Plaintiff
401 Rutger Street
Utica, New York 13501

LAW OFFICE OF DAVID A. LONGERETTA     DAVID A. LONGERETTA, ESQ.
  Co-Counsel for Plaintiff
298 Genesee Street
Utica, New York 13502

MURPHY BURNS LLP                        THOMAS K. MURPHY, ESQ.
  Counsel for Defendants
407 Albany Shaker Road
Loudonville, New York 12211

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this civil rights action filed by Timothy J. Tanner ("Plaintiff") against David J. Humphries and the Village of Camden ("Defendants"), is Defendants' motion for reconsideration of the Court's Decision and Order of January 3, 2019. (Dkt. No. 70.) For the reasons set forth below, Defendants' motion for reconsideration is granted in part and denied in part.

## I. RELEVANT BACKGROUND

### A. Procedural History

The Court issued its Decision and Order on Defendants' motion for summary judgment on January 3, 2019, dismissing with prejudice all of Plaintiff's claims with the exception of his Twelfth Claim against Defendant Humphries in his individual capacity for a violation of Plaintiff's right to counsel under the New York State Constitution. (Dkt. No. 68 [Decision and Order filed Jan. 3, 2019].) The Court dismissed this remaining claim without prejudice to refiling in state court, declining to exercise supplemental jurisdiction following dismissal of all federal claims.

### B. Parties' Briefing on Defendants' Motion for Reconsideration

#### 1. Defendants' Memorandum of Law

In their motion, Defendants argue that the Court erred in applying the tolling provision of N.Y. C.P.L.R. § 215(8)(a) to the claims against Defendant Humphries in his individual capacity and therefore those claims should also be found to be untimely. (Dkt. No. 70, Attach. 2, at 5-7 [Defs.' Mem. of Law].) More specifically, Defendants argue that application of the tolling provision was clearly erroneous because it applies only where the civil defendant was also a defendant in a criminal action arising out of the same circumstances underlying the civil action. (*Id.* at 6.) Defendants argue that, because Defendant Humphries was not a defendant in a criminal proceeding related to the events underlying Plaintiff's civil complaint, the tolling provision of N.Y. C.P.L.R. § 215(8)(a) should not have been applied. (*Id.* at 6-7.)

### 2. Plaintiff's Opposition Memorandum of Law

In opposition to Defendants' motion, Plaintiff argues that Defendants' argument is immaterial because the Court should have applied the six-year period set forward in N.Y. C.P.L.R. § 213(1) rather than the one-year period set forth in N.Y. C.P.L.R. § 215, and therefore the tolling provision would not be relevant to this action. (Dkt. No. 73, at 4-5 [Pl.'s Opp'n Mem. of Law].) More specifically, Plaintiff argues that N.Y. C.P.L.R. § 213(1) (which is the catch-all clause that applies to any action that does not have a specifically defined statute of limitations) applies to state constitutional claims because there is no specific statute of limitations for such claims in the N.Y. C.P.L.R. (*Id.*) Plaintiff argues that his state law claims against Defendant Humphries in his individual capacity are subject to the six-year statute of limitations in N.Y. C.P.L.R. § 213(1) and are therefore timely. (*Id.* at 5.) Consequently, any error on the Court's part in determining the correct statute of limitations is harmless. (*Id.* at 4-5.)

## II. LEGAL STANDARD GOVERNING A MOTION FOR RECONSIDERATION

Motions for reconsideration proceed in the Northen District of New York under Local Rule 7.1(g) of the Court's Local Rules of Practice. A court may justifiably reconsider its previous ruling under three circumstances: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 [2d Cir. 1983]). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue

already decided." *Shrader*, 70 F.3d at 257.[1]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

## III. ANALYSIS

After carefully considering the parties arguments, the Court grants Defendants' motion for reconsideration of its Decision and Order of January 3, 2019, to correct its error of law related to the statute of limitations applicable to Plaintiff's claims against Defendant Humphries in his individual capacity. However, the Court denies Defendants' motion to the extent that it requests dismissal with prejudice of Plaintiff's state law right-to-counsel claim because the error committed by the Court was harmless.

The Court acknowledges that it misapplied the tolling provision in N.Y. C.P.L.R. § 215(8)(A) for the reasons stated in Defendants' memorandum of law. (*See, supra*, Part I.B.1. of this Decision and Order.) However, this error does not entitle Defendants to the relief they seek because N.Y. C.P.L.R. § 215 does not provide the correct statute of limitations for Plaintiff's right-to-counsel claim under the New York State Constitution.[2]  Having said that, the Court does

---

[1] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

[2] The Court notes that , because N.Y. C.P.L.R. § 215(3) is the correct statute of limitations governing Plaintiff's false arrest and malicious prosecution claims against Defendant Humphries in his individual capacity, those claims must necessarily be found to be untimely in the absence of the tolling provision, in addition to being unsupported by probable cause as discussed in the Decision and Order of January 3, 2019. (Dkt. No. 68, at 29-33 [Decision and Order filed Jan. 3, 2019].)

not agree with Plaintiff's argument that it should have applied the six-year statute of limitations in N.Y. C.P.L.R. § 213(1) to that claim.  In particular, the cases that Plaintiff relies on for that point of law all involve either (a) a situation in which there was some sort of contract underlying the action, or (b) a challenge to the validity or constitutionality of a legislative act.  (Dkt. No. 73, at 4-5 [Pl.'s Opp'n Mem. of Law].)  Unlike those cases, Plaintiff's claim alleges a direct violation of his constitutional rights, without regard to a contract or legislative act.  The Court therefore does not find these cases to be applicable to the current circumstances.

Additionally, although Plaintiff is correct that N.Y. C.P.L.R. § 213(1) applies where there is no statute of limitations otherwise enumerated, New York courts have stated that actions for constitutional torts fall under the ambit of N.Y. C.P.L.R. § 214(4) or (5), the sections related to personal injury actions.  *See Brown v. New York*, 681 N.Y.S.2d 170, 173 (N.Y. App. Div. 3rd Dep't 1998) ("CPLR 214[5] is New York's limitation period governing general personal injury actions and, therefore, a three-year Statute of Limitations applies to State constitutional tort claims."); *see also Perkins v. City of New York*, 18-CV-0477, 2018 WL 1318992, at *2 (E.D.N.Y. Mar. 14, 2018) ("Plaintiff's state constitutional tort claims are subject to a three-year statute of limitations."); *Williams v. New York*, 52 Misc.3d 1224(A) (N.Y. Ct. of Claims 2012) ("Claims for conscious pains and suffering based on negligence and claims alleging constitutional torts are governed by CPLR § 214[5], which requires that such actions be commenced within three years of the date of the injury."); *Frederick v. New York*, 23 Misc.3d 1008, 1011 (N.Y. Ct. of Claims 2009) (noting that the statute of limitations for a "constitutional tort for violation of Claimant's rights" is three years under N.Y. C.P.L.R.§ 214[4]).  The New York Court of Appeals has stated that "[a] constitutional tort is any action for damages for

5

violation of a constitutional right against a government or individual defendants." *Brown v. New York*, 89 N.Y.2d 172, 177 (N.Y. 1996). Plaintiff's state right-to-counsel claim is therefore a constitutional tort and is subject to the three-year statute of limitations in N.Y. C.P.L.R. § 214.

Plaintiff's claim accrued on November 14, 2014 (the date that he was arrested and allegedly denied access to counsel) and his Complaint was filed on September 14, 2016, less than two years later. Because Plaintiff therefore filed the Complaint within three years of the accrual of his state law right-to-counsel claim, that claim is timely. The Court's error in assessing the statute of limitations is therefore harmless as to Plaintiff's state law right-to-counsel claim and Defendants' motion must be denied to the extent it seeks dismissal of that claim with prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion for reconsideration (Dkt. No. 70) is **GRANTED in part** and **DENIED in part**: Plaintiff's Twelfth Claim against Defendant Humphries in his individual capacity remains **DISMISSED** without prejudice to refiling in New York State Court within **THIRTY (30) DAYS** of this Decision and Order pursuant to 28 U.S.C. § 1367(d).

Dated: February 28, 2019
      Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge