UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIMOTHY J. TANNER,

                    Plaintiff,

v.                                                            6:16-CV-1131
                                                              (GTS/TWD)
DAVID J. HUMPHRIES, in his individual and
official capacities; and VILLAGE OF CAMDEN,

                    Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

LAW OFFICE OF ZACHARY C. OREN           ZACHARY C. OREN, ESQ.
  Counsel for Plaintiff
401 Rutger Street
Utica, New York 13501

LAW OFFICE OF DAVID A. LONGERETTA     DAVID A. LONGERETTA, ESQ.
  Co-Counsel for Plaintiff
298 Genesee Street
Utica, New York 13502

MURPHY BURNS LLP                                THOMAS K. MURPHY, ESQ.
  Counsel for Defendants
407 Albany Shaker Road
Loudonville, New York 12211

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this civil rights action filed by Timothy J. Tanner

("Plaintiff") against David J. Humphries and the Village of Camden ("Defendants"), is

Defendants' motion for reconsideration of the Court's Decision and Order of February 28, 2019.

(Dkt. No. 79.) For the reasons set forth below, Defendants' motion for reconsideration is

granted and Plaintiff's Twelfth Claim is dismissed with prejudice as untimely.

## I. RELEVANT BACKGROUND

### A. Relevant Procedural History

On January 3, 2019, the Court issued its Decision and Order on Defendants' motion for summary judgment, dismissing with prejudice all of Plaintiff's claims except for his Twelfth Claim against Defendant Humphries in his individual capacity for a violation of Plaintiff's right to counsel under the New York State Constitution. (Dkt. No. 68 [Decision and Order filed Jan. 3, 2019].) The Court dismissed this remaining state claim without prejudice to refiling in state court, declining to exercise supplemental jurisdiction over that claim.

On January 15, 2019, Defendants filed a motion for reconsideration of that Decision and Order, arguing that the Court had erred in applying the tolling provision in N.Y. C.P.L.R. § 215(8)(a) when finding Plaintiff's Twelfth Claim timely. (Dkt. No. 70, Attach. 2, at 5-7.) On February 28, 2019, the Court granted Defendants' motion in part on the ground that the tolling provision was not appropriate, but denied it in part on the ground that the appropriate statute of limitations was the three-year statute of limitations applicable to constitutional torts under N.Y. C.P.L.R. § 214(4) or (5), which, when applied, resulted in a finding that Plaintiff's Twelfth Claim is timely. (Dkt. No. 77 [Decision and Order filed Feb. 28, 2019].)

### B. Parties' Briefing on Defendants' Motion for Reconsideration

#### 1. Defendants' Memorandum of Law

Generally, Defendants argue that the Court erred in applying the three-year statute of limitations to Plaintiff's Twelfth Claim against Defendant Humphries because the appropriate statute of limitations was the one-year-ninety-day limitations period set forth in N.Y. Gen. Mun. L. § 50-i. (Dkt. No. 79, Attach. 2, at 7-10 [Defs.' Mem. of Law].) More specifically,

Defendants argue that this statute of limitations applies to claims against employees of a municipality if the municipality is required to indemnify the employee, and that N.Y. Gen. Mun. L. § 50-j states that a municipality shall assume liability for a duly appointed police officer for any negligent act or tort occurring while that officer was acting within the scope of his employment and in performance of his duties. (*Id.* at 8-9.) Defendants argue that other courts have applied this statute of limitations in suits against individual police officers, that Plaintiff's Amended Complaint alleges that Defendant Humphries was a duly appointed officer of the Camden Police Department, and that it is "undisputed" that he was acting within the scope of his duties at the time relevant to Plaintiff's Twelfth Claim. (*Id.* at 9-10.) Defendants argue that Plaintiff's remaining claim should therefore be dismissed with prejudice as untimely under N.Y. Gen. Mun. L. § 50-i. (*Id.*)

### 2. Plaintiff's Response

In his response filing, Plaintiff indicated that he takes no position on Defendants' motion. (Dkt. No. 83 [Pl.'s Resp.].)

## II. LEGAL STANDARD GOVERNING A MOTION FOR RECONSIDERATION

Motions for reconsideration proceed in the Northen District of New York under Local Rule 7.1(g) of the Court's Local Rules of Practice. A court may justifiably reconsider its previous ruling under three circumstances: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 [2d Cir. 1983]). The standard for granting a motion for reconsideration is strict.

*Shrader v. CSX Transportation, Inc*., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.[1] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

## III. ANALYSIS

After carefully considering Defendants' arguments, the Court grants Defendants' motion for reconsideration of its Decision and Order of February 28, 2019, and finds that Plaintiff's Twelfth Claim must be dismissed as untimely for the reasons stated in Defendants' memorandum of law. (Dkt. No. 79, Attach. 2, at 7-10 [Defs.' Mem. of Law].) To those reasons, the Court adds only the following analysis.

The Second Circuit and district courts within this Circuit have acknowledged that individual officers, agents, or employees of a municipality are covered by the statute of limitations in N.Y. Gen. Mun. L. § 50-i where the individual has a right to indemnification from the municipality. *See Royal Ins. Co. of Am. v. RU-VAL Elec. Corp.*, 918 F. Supp. 647, 655-56 (E.D.N.Y. 1996) (citing decisions holding that N.Y. Gen. Mun. L. § 50-i limits claims against individual officers, agents, or employees of a municipality where the individual has a right to indemnity from the municipality, and stating that, in such a case, the city is the real party in

---

[1] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

interest and therefore application of the municipal limitations period therefore really protects the municipality rather than the individual); *see also Conte v. Cnty of Naussau*, 596 F. App'x 1, 5 (2d Cir. 2014) (noting that the municipality rather than the individual officer is the real party in interest where the municipality is required to indemnify the defendant); *Taylor v. Mayone*, 626 F.2d 247, 252-53 (2d Cir. 1980) (noting that N.Y. Gen Mun. L. § 50-i "has been held applicable to actions against individual officers, agents or employees themselves," and "has been said to be applicable whenever such individuals have a right to indemnity from the municipality" for violations of state law).[2]

Section 50-j of the New York General Municipal Law states that "every city, county, town, village, authority or agency shall be liable for, and shall assume liability to the extent that it shall save harmless, any duly appointed police officer of such municipality, authority or agency for any negligent act or tort, provided such police officer, at the time of the negligent act or tort complained of, was acting in performance of his duties and within the scope of his employment." N.Y. Gen. Mun. L. § 50-j(1). Consequently, a police officer acting within the scope of his or her employment at the relevant time is entitled to indemnity by the municipality and thus the benefit of the statute of limitations in N.Y. Gen Mun. L. § 50-i. *See Clark v. City of*

---

[2] The Court notes that there are cases indicating that the one-year-ninety-day statute of limitations does not apply to claims for state constitutional torts that are brought under 42 U.S.C. § 1983, even if the notice-of-claim requirement still applies to such claims. *See Pastorello v. City of New York*, 95-CV-0470, 2001 WL 1543808, at *9 (S.D.N.Y. Dec. 4, 2001) (noting that a Section 1983 claim asserted under the New York State Constitution would not be subject to the statute of limitations in N.Y. Gen. Mun. L. § 50-i) (citing *423 S. Salina St., Inc. v. City of Syracuse*, 68 N.Y.2d 474 [N.Y. 1986]). However, Plaintiff's Amended Complaint specifically indicates that he brought claims for the alleged violation of his right to counsel under both 42 U.S.C. § 1983 and state law. (Dkt. No. 52, at 21-22 [Pl.'s Am. Compl.].) Because Plaintiff's sole remaining constitutional tort claim is brought under state law (rather than under 42 U.S.C. § 1983), such cases do not contradict the Court's findings.

*Ithaca*, 652 N.Y.S.2d 819, 821 (N.Y. App. Div. 1st Dept. 1997) (noting that a police officer acting within the scope of her employment during the relevant period is entitled to the statute of limitations in N.Y. Gen. Mun. L § 50-i by virtue of N.Y. Gen. Mun. L. § 50-j, and that "[o]nly where a finding is made that the police officer's acts were clearly not within the scope of employment" does a different statute of limitations apply)*; see also Conte*, 596 F. App'x at 5 (noting that "[t]he obligation to indemnify in turn depends upon the resolution of the fact-sensitive question of where [the employees] were acting within the scope of their employment . . . in committing the alleged tortious acts").

"[A]n employee's actions are not within the scope of employment unless the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business"; "[i]n other words, where an employee's conduct is brought on by a matter wholly personal in nature, the source of which is not job related, his actions cannot be said to fall within the scope of his employment." *Schenectady Police Benevolent Ass'n v. City of Schenectady*, 750 N.Y.S.2d 666, 718-19 (N.Y. App. Div. 3rd Dept. 2002) (internal quotation marks omitted); *see also Mroz v. City of Tonawanda*, 999 F. Supp. 436, 455 n.23 (W.D.N.Y. 1998) (finding that a proposed amendment asserting claims against defendant officers in their individual capacities, which would subject those claims to a three year statute of limitations, would be futile where the proposed amendment did not allege that those defendants were acting outside the scope of their employment but rather only as private individuals).

The Court finds that there is nothing in the factual allegations of Plaintiff's Amended Complaint that plausibly suggests, or in the admissible evidence of record that establishes, that

6

Defendant Humphries was acting outside the scope of his employment when he conducted the traffic stop on Plaintiff and, more specifically, engaged in the actions that Plaintiff alleges were a denial of his right to counsel under the New York State Constitution.[3] Rather, the evidence shows that Defendant Humphries was on duty during the relevant time and that he was performing actions furthering the interest of the Camden Police Department and Defendant Village of Camden (i.e., performing a traffic stop based on observed potential violations of the Vehicle and Traffic Law, performing field sobriety and breathalyzer testing based on a suspicion that Plaintiff was driving while intoxicated, and arresting and processing Plaintiff in accordance with Defendant Humphries' belief that Plaintiff had committed one or more crimes). Plaintiff has not alleged or substantiated any personal motive to Defendant Humphries' actions that would otherwise put them outside the scope of his employment.

Because Defendant Humphries was therefore acting in the performance of his duties and within the scope of his employment, the Court finds that he is entitled to indemnity by Defendant Village of Camden and Plaintiff's Twelfth Claim against Defendant Humphries is therefore subject to the one-year-ninety-day statute of limitations in N.Y. Gen Mun. L. § 50-i. Because

---

[3] The Court notes that Plaintiff does allege, in his claims for false arrest and malicious prosecution against Defendant Humphries in his individual capacity, that Defendant Humphries was "acting in his individual capacity" as to those claims. (Dkt. No. 52, at ¶¶ 118, 121 [Pl.'s Am. Compl.].) However, Plaintiff does not provide any factual allegations supporting these general legal assertions, and he also contradictorily alleges in his claims for false arrest and malicious prosecution against Defendant Humphries in his official capacity that, "[a]t all relevant times, Defendant Humphries was acting in his official capacity within the scope of his employment with the Defendant Village of Camden" as to the false arrest and malicious prosecution. (*Id.* at ¶¶ 108, 113.) Given that these claims all arose out of the same actions, Plaintiff has therefore arguably admitted that Defendant Humphries was acting within the scope of his employment, a conclusion that is supported by the admissible record evidence as discussed in this Decision and Order.

the alleged denial of his right to counsel occurred on November 22, 2014, and he filed this action on September 14, 2016, the Court finds that Plaintiff's Twelfth Claim against Defendant Humphries is untimely and must be dismissed with prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion for reconsideration (Dkt. No. 79) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Twelfth Claim against Defendant Humphries in his individual capacity is **DISMISSED with prejudice** as untimely; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 52) is **DISMISSED with prejudice**.

Dated: May 23, 2019
      Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge